IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAWAII TAPERS HEALTH AND WELFARE FUND, ET AL., | ) ) ) | CIVIL NO. 13-00208 JMS-RLP |
| Plaintiffs, | ) ) ) | FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT |
| vs. | ) ) ) | AGAINST DEFENDANTS B & A BUILDERS INC., ROD QUITON, AND CHRISTINA BOYEA-QUITON |
| B & A BUILDERS INC.; ROD QUITON; CHRISTINA BOYEA-QUITON; ET AL., | ) ) ) ) | |
| Defendants. | ) ) ) | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION
FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS B & A
BUILDERS INC., ROD QUITON, AND CHRISTINA BOYEA-QUITON[1]

Plaintiffs Hawaii Tapers Health and Welfare Fund,
Hawaii Tapers Training Fund, Hawaii Tapers Annuity Fund, Hawaii
Tapers Market Recovery Fund, and Hawaii Tapers Trade Promotion
Fund filed their Motion for Default Judgment Against Defendants
B & A Builders Inc., Rod Quiton, and Christina Boyea-Quiton on
January 20, 2014 ("Motion").  ECF No. 11.  Defendants were served
with a copy of the Motion, but did not file an opposition or
otherwise respond to the Motion.  See ECF No. 11-12.  The Court
found the Motion suitable for disposition without a hearing

---

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1)(B), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

pursuant to Rule 7.2(d) of the Local Rules of Practice of the
United States District Court for the District of Hawaii.  ECF No.
12.  After careful consideration of the Motion, the declaration,
exhibits, and the record established in this action, the Court
FINDS AND RECOMMENDS that the Motion be GRANTED.

<u>BACKGROUND</u>

Plaintiffs filed their Complaint against Defendants on
April 29, 2013.  ECF No. 1.  Defendant B & A Builders Inc.
("Defendant B & A") entered into a collective bargaining
agreement agreeing to contribute and pay to Plaintiffs certain
amounts for employee benefits for work performed by Defendant
B & A's covered employees.  Compl. ¶¶ 12-19.  Contributions were
to be paid on or before due dates specified in the collective
bargaining agreement.  <u>Id.</u> ¶¶ 17-18.  Plaintiffs allege that
Defendant Rod Quiton, the vice president and director of
Defendant B & A, and Defendant Christina Boyea-Quiton, the
president and director of Defendant B & A ("Individual
Defendants"), are fiduciaries under the Employment Retirement
Income Security Act of 1974, as amended ("ERISA") and should be
held personally liable for all sums owed by Defendant B & A.  <u>Id.</u>
¶¶ 28-29, 33-34.

Plaintiffs claim that Defendant B & A failed to make
required contributions from December 2012 through February 2013
in the amount of $25,913.01, and is liable for liquidated damages
in the amount of $1,331.42.  ECF No. 11-1 at 5-6.  Additionally,

Plaintiffs claim that they are entitled to attorneys' fees and costs in the amount of $2,117.01.  Id. at 5, 7-8.  Plaintiffs assert that the Individual Defendants are personally liable for these amounts.  Id. at 6-7.  The Clerk entered default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on August 8, 2013.  ECF No. 9-2.  The present Motion followed.

<u>ANALYSIS</u>

Default judgment may be entered if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain."  Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  <u>Haw. Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. <u>Valley Oak Credit Union v. Villegas</u>, 132 B.R. 742, 746 (9th Cir. 1991).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the following factors in deciding whether to grant a motion for default judgment:

> (1)   the possibility of prejudice to the
>        plaintiff;
>
> (2)   the merits of plaintiff's substantive
>        claim;

3

(3)   the sufficiency of the complaint;

(4)   the sum of money at stake in the action;

(5)   the possibility of a dispute concerning material facts;

(6)   whether the default was due to excusable neglect; and

(7)   the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled.  Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

## A.   Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not

4

it has subject matter jurisdiction over this action and personal jurisdiction over Defendants.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").  First, the Court has subject matter jurisdiction over Plaintiffs' claims related to unpaid contributions under ERISA.  See 29 U.S.C. §§ 1132(e), 1145. Second, the Court has personal jurisdiction over Defendants. Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction.  Cripps, 980 F.2d at 1267 (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)).  Here, personal service was made on the Individual Defendants and on Defendant B & A through its registered agent on May 23, 2013.  ECF No. 9-1, Decl. of Jared N. Kawashima submitted in support of the Request for Entry of Default ¶¶ 3-5; ECF Nos. 5-7.  This service is sufficient under 29 U.S.C. § 1132(e)(2).  The Court finds that it has both subject matter and personal jurisdiction.

      **B.**   **_Eitel_ Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above.  The Court will address each factor in turn.

### 1.   The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery.  Accordingly, the first Eitel factor favors the entry of default judgment.

### 2.   Merits of Plaintiffs' Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default.  See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906.  Here, Plaintiffs brought this action against Defendant B & A for unpaid contributions.  See 29 U.S.C. §§ 1132(a), 1145; Compl. ¶ 19.  The terms of the collective bargaining agreement require Defendant B & A to pay to Plaintiffs certain contributions based on work performed by Defendant B & A's covered employees.  Compl. ¶¶ 16-18; Ex. D to Mot. Defendant B & A employed workers covered by the collective bargaining agreement and those workers performed work for Defendant B & A when the collective bargaining agreement was in effect.  Compl. ¶¶ 19-21.  Defendant B & A failed to make required contributions to Plaintiffs.  Compl. ¶ 24.  The Individual Defendants are fiduciaries under ERISA because they

exercised authority or control respecting management or disposition of plan assets.  Compl. ¶¶ 37, 45.  The Individual Defendants breached their fiduciary duties by intentionally failing to pay the required contributions and failing to discharge their duties and are personally liable under 29 U.S.C. § 1109.  Compl. ¶¶ 41, 49.  The Court finds that Plaintiffs' allegations, taken as true, are sufficient to establish that Plaintiffs are entitled to judgment against Defendants. Accordingly, this factor weighs in favor of default judgment.

### 3.    Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion.  The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4.    Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiffs seek $29,361.44, including delinquent contributions, liquidated damages, and attorneys' fees and costs.  ECF No. 11-1 at 7-8.  Plaintiffs' damages request is tailored to Defendants' specific wrongful conduct in failing to abide by the terms of the collective bargaining agreement.  The Court finds that this factor weighs in favor default judgment.

7

**5.   Possibility of Dispute Concerning Material Facts**

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.  TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendants have been given a fair amount of time to answer the Complaint and deny that Defendant B & A failed to pay the contributions or that the Individual Defendants did not breach their fiduciary duties; Defendants have not done so.  Because no dispute has been raised regarding Plaintiffs' material factual allegations, the Court finds that this factor favors default judgment.

**6.   Whether Default was Due to Excusable Neglect**

The Court finds that Defendants' default was not the result of excusable neglect.  Plaintiffs served Defendants on May 23, 2013.  ECF Nos. 5-7.  Defendants did not file a response to Plaintiffs' Complaint.  In addition, Plaintiffs served Defendants with notice of this Motion on January 21, 2014.  ECF No. 11-12 at 2.  Despite ample notice of this lawsuit and Plaintiffs' intention to seek a default judgment, Defendants have not appeared in this matter to date.  The record suggests that Defendants' default was not the result of any excusable neglect, but rather due to Defendants' conscious and willful decision not to defend this action.  Consequently, this factor favors default judgment.

### 7.   Policy Favoring Decisions on the Merits

Defendants' failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendants have failed to defend this action and have consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendants.

### 8.   Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiffs' favor and against Defendants.

### C.   Damages

Plaintiffs request the following: (1) $25,913.01 in delinquent contributions; (2) $1,331.42 in liquidated damages; and (3) $2,117.01 for attorneys' fees and costs. ECF No. 11-1 at 7-8. Each category of requested relief is addressed below.

### 1.   Delinquent Contributions

Plaintiffs contend that Defendant B & A owes $25,913.01

9

in unpaid contributions from December 2012 through February 2013. In support of this contention, Plaintiffs submitted a report entitled Summary of Delinquent Contributions, which reflects $25,913.01 in outstanding contributions from Defendant B & A. ECF No. 11-5.  The Court finds Plaintiffs have established damages in the amount of $25,913.01 for delinquent contributions.

### 2.   Liquidated Damages

Plaintiffs seek liquidated damages of $1,331.42.  This amount is itemized on the Summary of Delinquent Contributions. ECF No. 11-5.  The collective bargaining agreement provides that Plaintiffs are entitled to recover liquidated damages equal to five percent of delinquent trust fund contributions.  See Ex. D to Mot.  Based on Plaintiff's documentation and the terms of the collective bargaining agreement, the Court finds that Plaintiffs have established liquidated damages in the amount of $1,331.42.

### 3.   Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and § 1145. Additionally, the collective bargaining agreement requires Defendant B & A to pay reasonable attorneys' fees of 25% of the total amount of contributions and liquidated damages due.  Compl. ¶ 21.  Plaintiffs do not seek an award of 25% of the total amount due under the collective bargaining agreement, but instead ask

the Court to award the actual amount of attorneys' fees incurred in litigating this action.  <u>See</u> ECF No. 11-1 at 8.

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  <u>See</u> <u>Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 (9th Cir. 2000).  A reasonable fee is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate." <u>Hensley</u>, 461 U.S. at 433.  The lodestar amount may also be adjusted based on an evaluation of the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. <u>See</u> <u>Fischer</u>, 214 F.3d at 1119 (citation omitted).  Here, Plaintiffs request $2,117.01 in attorneys' fees and costs.  Decl. of Danny B. Patel submitted in support of Mot. ("Patel Decl.") ¶ 4; Ex. C to Mot.

Plaintiffs seek $1,418.00 in attorneys' fees and $66.82 in taxes representing 3.6 hours of work performed by Jared N. Kawashima, Esq., at a rate of $225 per hour; 2.7 hours of work performed by Danny Patel, Esq., at a rate of $165 per hour; and 2.5 hours of work performed by Linny Nakamatsu, paralegal, at a rate of $65 per hour.  Patel Decl. ¶ 3; Ex. C to Mot.  The Court finds that the hours requested and the requested hourly rates, including taxes, are reasonable.  Based on the Declaration of Mr.

Patel and the invoice submitted with the Motion, the Court also finds that Plaintiffs are entitled to $632.19 in costs and taxes reasonably incurred.  <u>See</u> Patel Decl. ¶ 4, Ex. C to Mot.  In total, the Court finds that Plaintiffs are entitled to $2,117.01 in attorneys' fees and costs.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion for Default Judgment Against Defendants B & A Builders Inc., Rod Quiton, and Christina Boyea-Quiton be GRANTED as follows:

(1) ENTER default judgment jointly and severally against Defendants B & A Builders Inc., Rod Quiton, and Christina Boyea-Quiton;

(2) AWARD Plaintiffs damages in the amount of $25,913.01 for delinquent contributions; $1,331.42 for liquidated damages; and $2,117.01 for attorneys' fees and costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 20, 2014.

Richard L. Puglisi
United States Magistrate Judge

**HAW. TAPERS HEALTH AND WELFARE FUND, ET AL. V. B & A BUILDERS INC., ET AL., CIVIL NO. 13-00208 JMS-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS B & A BUILDERS INC., ROD QUITON, AND CHRISTINA BOYEA-QUITON**